UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH R. CALDWELL, SR.,

   Plaintiff,

      v.

ELENA KAGAN, et al.,

   Defendants.

Civil Action No. 11-2100 (JDB)

**MEMORANDUM OPINION**

Plaintiff Keith R. Caldwell, Sr., has filed suit against numerous federal officials, as well as Argosy University and its president, in response to perceived injustice and judicial misconduct stemming from previous cases before judges of this District, the D.C. Circuit, and the United States Tax Court. Now before the Court are three motions by the United States Attorney's Office, the other federal defendants, and Argosy University and its president to dismiss all the claims in the case.

I. Background

Caldwell's journey through the federal court system began in a case before the U.S. Tax Court regarding his federal tax liabilities. Caldwell v. Comm'r, No. 2008-77, 2008 WL 2595916 (T.C. July 1, 2008). In that case, the IRS conceded all issues but administrative and litigation costs, and the court denied Caldwell's motion for $100,000 in litigation costs for *pro se* representation. Id. at *3-4. Caldwell then sued the Tax Court, presiding Judge Panuthos, IRS Commissioner Shulman, and two IRS employees for perceived errors in the handling of the tax court case. Caldwell v. U.S. Tax Court, No. 08-1427 (D.D.C. Apr. 16, 2009). Judge Kennedy

1

granted the defendants' motion to dismiss, id. at 9, and a D.C. Circuit panel consisting of Judges Ginsburg, Griffith, and Brown affirmed the dismissal. Caldwell v. U.S. Tax Court, 360 Fed. Appx. 161, 162 (D.C. Cir. 2010). Caldwell next petitioned the United States Supreme Court to consider his case. See Pet. for Cert., Caldwell v. U.S. Tax Court, No. 09-9137 (U.S. Jan. 25, 2010). Solicitor General Kagan did not respond to Caldwell's petition for certiorari before the Supreme Court, see Compl. at 18, and the Court denied certiorari. 130 S. Ct. 2404 (2010).

Caldwell then filed suit against now-Justice Kagan, Attorney General Holder, and Judges Ginsburg, Griffith, Brown, and Kennedy challenging their handling of his suit against the U.S. Tax Court in the district court and on appeal. Caldwell v. Kagan, No. 11-00571 (D.D.C. Apr. 18, 2011), aff'd, No. 11-5153 (D.C. Cir. Dec. 28, 2011). Caldwell argued that each of the judges acted improperly in dismissing his case, and also asserted that the lack of a response to his petition for certiorari by Justice Kagan and Attorney General Holder led to denial of the petition and therefore infringed his constitutional right to due process. Id. at 3-4. Judge Huvelle found that Caldwell lacked standing to sue Justice Kagan acting in her capacity as Solicitor General and Attorney General Holder, and found that suits against federal judges acting in their judicial capacity were barred by absolute immunity. Accordingly, she dismissed the case.

Caldwell also had a second suit pending before Judge Huvelle. See Caldwell v. Argosy Univ., No. 11-00572 (D.D.C. July 12, 2011). There, Caldwell sued Argosy University and its president for wrongful dismissal and failure to properly act on Caldwell's allegations that a student submitted a fraudulent dissertation. Caldwell also sued the Department of Education alleging a failure to properly evaluate Argosy University for compliance with federal regulations for awarding degrees. Because Caldwell failed to state a legal cause of action under which he could be granted relief, Judge Huvelle dismissed the complaint without prejudice for failure to

comply with the pleading requirements specified in Federal Rule of Civil Procedure 8(a) without prejudice, but noted that if Caldwell filed a new complaint that merely "recycled" his previous complaint, it could be dismissed with prejudice. Id. at 4-5.

Following these unfavorable rulings, Caldwell filed criminal complaints against Judge Huvelle with the Department of Justice Office of the Inspector General, the FBI Washington Field Office, and the United States Attorney's Office. Compl. at 24-25. He also filed a judicial misconduct complaint with the Judicial Counsel of the District of Columbia Circuit. Id. at 23. In each complaint, Caldwell alleged that Judge Huvelle's dismissal of his cases amounted to judicial misconduct. Id. at 21-23. Chief Judge Sentelle dismissed the complaint before the Judicial Counsel, see Fed. Defs.' Mot. to Dismiss [Docket Entry #12] Ex. 9 at 2, and no agency has acted on any of Caldwell's other complaints.

Caldwell filed his present complaint against Justice Kagan, Attorney General Holder, Judges Sentelle, Brown, Ginsburg, Griffith, Huvelle, and Kennedy, IRS Commissioner Shulman, IRS attorney William Gregg, agent #5278 of the FBI Washington Field Office, Eric Johnson of the Department of Justice Office of the Inspector General, Secretary of Education Arne Duncan, and the United States Attorney's Office, as well as Argosy University and its president. Caldwell's complaint alleges that each of the defendants acted improperly and denied him due process of law.

II. Motions to Dismiss Claims Against Federal Defendants

The United States Attorney's Office and the remaining federal defendants have filed motions to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the plaintiff lacks standing against some defendants, some enjoy immunity against plaintiff's claims, several of plaintiff's claims are barred by res judicata, and some claims fail to

3

state a claim upon which relief may be granted. For the reasons described below, these motions will be granted.

A. Claims Against Justice Kagan, Attorney General Holder, and Secretary Arne Duncan

Plaintiff claims that Justice Kagan, while acting in her role as Solicitor General in 2010, denied him due process of law by declining to respond to his petition for certiorari before the Supreme Court. He argues that the Solicitor General's refusal to respond was "to serve her personal interest as she awaited nomination to fill a vacancy in that court." Compl. at 18. Plaintiff also claims that Attorney General Eric Holder "did not serve the best interest of the United States" when he "failed to provide oversight of active cases handled by Kagan" while Justice Kagan was in the process of being nominated to the Supreme Court. Id. Plaintiff asserts he was "irreparably harmed" and denied due process of law by the Supreme Court's decision to deny the petition. Id. at 18-19. Finally, plaintiff claims that Secretary of Education Arne Duncan denied him due process of law by "sponsoring the dubious motion" that led to the dismissal of his case against the Department and Argosy University. Id. at 25. These defendants argue that plaintiff lacks standing to sue them because their actions do not have a sufficient causal connection to the harms plaintiff claims, and that, in the alternative, plaintiff fails to state a claim on which relief may be granted.

Before this Court may entertain the merits of his claims, plaintiff, as the party invoking federal jurisdiction, must establish that he has the requisite standing to sue. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). To establish the "irreducible constitutional minimum of standing," a plaintiff must allege (1) an "injury in fact" which is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the

injury will be redressed by a favorable decision." Id. (internal quotation marks and citations omitted).

A motion to dismiss for lack of standing constitutes a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure because "the defect of standing is a defect in subject matter jurisdiction." Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987).  "[I]n passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Leatherman v. Tarrant Cnty. Narcotics and Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979).  In other words, the factual allegations in the plaintiff's complaint must be presumed true, and the plaintiff must be given every favorable inference that may be drawn from the allegations of fact.  Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000).  At the same time, however, the Court need not accept as true "a legal conclusion couched as a factual allegation," nor need it accept inferences that are unsupported by the facts set forth in the complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Plaintiff's claims against Justice Kagan and Attorney General Holder are essentially identical to the claims he made before Judge Huvelle in Caldwell v. Kagan, No. 11-00571 (D.D.C. Apr. 18, 2011).  Judge Huvelle concluded that plaintiff's injury was not "fairly . . . traceable" to the challenged actions of the defendants, because the Supreme Court, not the Solicitor General, denied plaintiff's petition for certiorari.  For the same reason, any failure of the Attorney General to supervise the Solicitor General's actions lacked a causal connection to the

denial of plaintiff's petition. Because plaintiff has not claimed any additional theory of causal connection between his injury and the Solicitor General or Attorney General's actions in his current suit, plaintiff's claims must once again be dismissed under Rule 12(b)(1) for lack of standing.[1]

The claims against Secretary Duncan must also be dismissed because his activities lack a causal connection to plaintiff's claimed harm. Plaintiff has failed to show any likelihood that he would have won his lawsuit in the absence of the Department of Education's motion to dismiss, so he has failed to demonstrate that Secretary Duncan's actions were the cause of his harm.

Alternatively, claims against all three of these defendants must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. All three defendants, by virtue of acting in an official capacity, enjoy qualified immunity against "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To show that a government official is not protected by qualified immunity, a plaintiff must show (1) that defendant's conduct violated the Constitution, and (2) that the constitutional right being violated was sufficiently established that a reasonable person would have known the conduct violated the Constitution. Pearson v. Callahan, 555 U.S. 223, 231 (2009). The right to require opposing counsel to file a brief regarding a petition for certiorari is not a right "sufficiently established" by law that a reasonable Solicitor General or Attorney General would have known a failure to do so violated the Constitution. The right to prevent parties being sued from filing motions to dismiss is also not a sufficiently established constitutional right. Because these defendants could not reasonably believe that their conduct

---

[1] Alternatively, plaintiff's claims must now be dismissed based on res judicata, having already been heard and ruled on by Judge Huvelle.

violated the Constitution, their actions are protected by qualified immunity. Accordingly, this Court must dismiss all claims against them.

B. Claims Against Judges Sentelle, Brown, Ginsburg, Griffith, Huvelle, and Kennedy

Plaintiff claims that Judge Kennedy "usurped justice by permitting the Department of Justice to file an egregiously flawed '*motion to dismiss*'" which Judge Kennedy used to dismiss his case against the U.S. Tax Court. Compl. at 19. Plaintiff claims that the D.C. Circuit panel reviewing his case against the Tax Court, consisting of Judges Ginsburg, Griffith, and Brown, "violated their oath of office . . . by failing to sufficiently adjudicate without prejudice the case before the panel." Id. Plaintiff claims that Judge Huvelle "usurped the process of justice" and was "biased" in dismissing his cases against Justice Kagan, Caldwell v. Kagan, No. 11-00571 (D.D.C. Apr. 18, 2011), and Argosy University, Caldwell v. Argosy Univ., No. 11-00572 (D.D.C. July 12, 2011). Compl. at 20. Finally, he asserts that the Chief Judge of the D.C. Circuit, Judge Sentelle, "failed to lawfully adjudicate/properly investigate the [judicial misconduct] complaint" plaintiff made against Judge Huvelle following her dismissal of his cases. Compl. at 23.

Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356 (1978). "Judicial immunity is not overcome by allegations of bad faith or malice. . . ." Mireles v. Waco, 502 U.S. 9, 11 (1991). Without absolute immunity for judges, a losing litigant (like Caldwell) would be "apt to complain of the judgment against him" and "ascri[be] improper motives to the judge." Bradley v. Fisher, 80 U.S. (13 Wall.) 345, 348-49 (1871). The judge would risk being haled into court by the losing party in every decision he rendered, and the second judge addressing the suit against the first would risk the same if he found in favor of the initial judge. Id. This is precisely the situation plaintiff

has placed before this Court. Each of the judicial activities plaintiff claims caused him harm was performed in the course of judicial duties. Because absolute immunity protects each of the judges from liability for performing their judicial duties, plaintiff's claims against each judge must be dismissed under Rule 12(b)(6).

C. Claims Against William Gregg and Douglas Shulman

Plaintiff claims that IRS Commissioner Douglas Shulman improperly supervised the IRS Office of the General Counsel by "permit[ting] multiple flawed tax audit cases," including his own, "to be presented to the U.S. Tax Court." Compl. at 24. Plaintiff also alleges that IRS attorney William Gregg lied and presented false information to the judge assigned to preside over the tax audit trials. Id. The defendants respond that plaintiff's suit is barred by claim preclusion due to the resolution of Caldwell v. U.S. Tax Court, No. 08-1427 (D.D.C. Apr. 16, 2009). The Court agrees.

The doctrine of claim preclusion prevents a party from filing a new civil action based on the same operative facts underlying a previously-litigated civil action. See Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 490 (D.C. Cir. 2009). The doctrine bars a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits (4) by a court of competent jurisdiction." Id. (quoting Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006)).

Plaintiff has previously sued defendant Gregg and Commissioner Shulman. See Caldwell v. U.S. Tax Court, No. 08-1427 (D.D.C. Apr. 16, 2009). There, plaintiff made claims against the defendants due to their involvement in his initial case before the Tax Court, Caldwell v. Comm'r, No. 2008-77, 2008 WL 2595916 (T.C. July, 1 2008). Judge Kennedy granted a motion to

dismiss the claims against Commissioner Shulman and Defendant Gregg under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) dismissal serves as a final judgment on the merits for the purposes of claim preclusion. See Nader v. Democratic Nat. Comm., 590 F. Supp. 2d 164, 168 (D.D.C. 2008) (citing Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)).

Plaintiff's current claims against Commissioner Shulman and defendant Gregg are the same as the claims brought in his original suit before Judge Kennedy. Because these claims were previously adjudicated and dismissed, they may not be revisited in this suit and must be dismissed under Rule 12(b)(6). Plaintiff, after losing his case before Judge Kennedy, appealed the decision to the D.C. Circuit and petitioned the United States Supreme Court for certiorari. When the court of appeals affirmed the decision and the Supreme Court denied certiorari, plaintiff's opportunity to adjudicate these claims ended, and he may not revisit them here. The Court will therefore grant the motion to dismiss the claims against these defendants.

D. Claims Against FBI Agent #5278, Eric Johnson, and the U.S. Attorney's Office

Plaintiff claims that agent #5278 of the FBI's Washington Field Office, Eric Johnson of the Department of Justice Office of the Inspector General, and the United States Attorney's Office denied him due process when they failed to respond to the complaints of criminal judicial misconduct he made against Judge Huvelle. Compl. at 24-25. Defendants argue that their decisions are not subject to judicial review because prosecutorial and other law enforcement discretion is "committed to agency discretion by law." Heckler v. Chaney, 470 U.S. 821, 831, 835 (1985).

The FBI, the Department of Justice Office of the Inspector General, and the United States Attorney's Office owe no duty to investigate every complaint brought before them. On the contrary, any agency with limited resources and an investigative mission has the power, absent

an express statute to the contrary, to assess a complaint to determine whether its resources are best spent on the violation, whether the agency is likely to succeed, whether the enforcement requested fits the organization's overall policies, and whether the agency has enough resources to undertake the action. Heckler, 470 U.S. at 831. Furthermore, decisions not to prosecute have long been regarded as "the special province of the Executive Branch, inasmuch as it is the Executive who is charged by the Constitution to 'take Care that the Laws be faithfully executed.'" Id. at 832 (citing U.S. Const. art. II, § 3). Because federal agencies' and officers' decisions not to prosecute are decisions unreviewable by the judicial branch, plaintiff's claims against these defendants must be dismissed.

III. Motion to Dismiss Claims Against Argosy University and David Erekson

Plaintiff in his complaint also restates the claims against Argosy University and David Erekson that he made in his earlier case against these defendants. Caldwell v. Argosy Univ., No. 11-00572 (D.D.C. July 12, 2011). There, plaintiff claimed that senior staff and the president of the University failed to properly act on his allegations that a graduate student submitted a faulty dissertation, and that the University improperly removed plaintiff from the dissertation committee and further teaching assignments following the dispute over the student's dissertation. Fed. Defs.' Mot. to Dismiss [Docket Entry #12] Ex. 5 at 2. Judge Huvelle found that plaintiff failed to plead his complaint sufficiently under Rule 8(a) because the statute he cited, the False Claims Act, 35 U.S.C. §§ 3729, 3733, did not pertain to the facts he pled in his complaint. Argosy Univ., No. 11-00572, slip op. at 3-4. The court dismissed plaintiff's complaints without prejudice for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) and, in doing so, gave plaintiff a second opportunity to plead his complaint correctly at a later date. The court warned plaintiff, however, that if he were to "file[] an

amended complaint that merely 'recycles' the complaint currently before the Court, it may be dismissed with prejudice." Id. at 4-5 (citing Hamrick v. United States, No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010)).

In his current suit, plaintiff restates his claims that defendants Erekson and Argosy University acted inappropriately when he informed them of a doctoral student's faulty dissertation. Compl. at 28-29. Defendants request dismissal of all claims for failure to conform with the pleading requirements of Rule 8(a) and also under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Although *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, they must still comply with the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." This rule serves to give defendants sufficient notice to prepare a proper response and adequate defense to the claims asserted. Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977). Plaintiff's claims in his current complaint are simply restatements of the claims in his earlier complaint. Because he has already been given one opportunity to amend his complaint to satisfy the pleading requirements of Rule 8(a) and has instead elected to simply recycle his previous claims into his current complaint, the claims against these defendants will be dismissed with prejudice.

In addition, plaintiff's claims fail to state a claim upon which relief may be granted. In his complaint, plaintiff asserts no legal cause of action. He does, however, reference the Fifth Amendment on his Civil Cover Sheet [Docket Entry #1]. The Court has interpreted this, for the federal defendants, as an attempt to plead a Bivens cause of action. See Bivens v. Six Unknown

Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  But such a cause of action is not available against defendants Argosy University or Erekson.  The Fifth Amendment applies to the federal government, but it does not apply to the actions of private individuals or organizations.  Comm. of U.S. Citizens Living in Nicar. v. Reagan, 859 F.2d 929, 946 (D.C. Cir. 1988).  And 42 U.S.C. § 1983 allows suits for violations of the Fifth Amendment against defendants acting under color of state law, see Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999), but, absent a statutory cause of action, there is no remedy for private defendants acting under color of federal law under the Fifth Amendment, see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).  Plaintiff makes no argument that the private defendants' actions were performed under color of state law, so he has failed to provide a legal theory under which defendants could be liable to him for their actions in this federal case.  Accordingly, his claims must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

III.  Conclusion

      For the reasons stated above, defendants' motions will be granted and the case will be dismissed.  A separate order has been issued on this date.

                                               /s/
                                      JOHN D. BATES
                                United States District Judge

Dated:  May 31, 2012